**B25B (Official Form 25B) (12/08)**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re

Case No. 13-16943-BKC-EPK

Pamela  Elizabeth Smith

Chapter 11

Debtor

_____/

## FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION
## FOR DEBTOR-IN-POSSESSION, PAMELA SMITH, DATED OCTOBER 26, 2014

**Submitted by:**
Law Offices of Brett A. Elam, P.A.,
105 South Narcissus Avenue
Suite 02
West Palm Beach, Florida 33401
Office Telephone:  561. 833.1113
Office Facsimile:  561.833.1115
*Email* belam@brettelamlaw.com
Counsel for Chapter 11 Debtor and Plan Proponent

**B25B (Official Form 25B) (12/08) - Cont.**                                                           **2**

*Table of Contents*

<u>**PLAN  ARTICLE**</u>                                                                                     *Pages*

| | | |
|---|---|---|
| **I.** | **SUMMARY** | **3** |
| **II.** | **CLASSIFICATION OF CLAIMS AND INTERESTS** | **3** |
| **III.** | **TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS** | **7** |
| **IV.** | **TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN** | **8** |
| **V.** | **ALLOWANCE AND DISALLOWANCE OF CLAIMS** | **32** |
| **VI.** | **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES** | **32** |
| **VII.** | **MEANS FOR IMPLEMENTATION OF THE PLAN** | **33** |
| **VIII.** | **GENERAL PROVISIONS** | **34** |
| **IX.** | **DISCHARGE** | **34** |
| **X.** | **OTHER PROVISIONS** | **34** |

**Exhibits:  B, D, E, F, G and H to the Third Amended Disclosure Statement, which were incorporated by reference in the Third Amended Chapter 11 Plan of Reorganization, are incorporated herein and made a part of this Fourth Amended Plan of Reorganization.**

B25B (Official Form 25B) (12/08) - Cont.                                                                                           3

# United States Bankruptcy Court
## Southern District of Florida

In re __Pamela Elizabeth Smith__                                     Case No. __13-16943-BKC-EPK__
                                    Debtor(s)               Chapter __11__

## PAMELA ELIZABETH SMITH'S FOURTH AMENDED PLAN OF REORGANIZATION, DATED OCTOBER 26, 2014

### ARTICLE I
### SUMMARY

1.1     This **Fourth Amended Plan of Reorganization** (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Pamela Elizabeth Smith** (the "Debtor") from ongoing business operations and earnings of the Debtor cash flow from operations, or future income.

1.2     The Plan: This Plan provides for 4 classes of secured claims and numerous sub classes within three of the four classes. Each sub class is a separately classified claim. These are secured Classes 1A, 1B and 1E through 1G consisting of secured tax liens. Based upon the taxes having been paid in full by third parties, the Brevard County Tax Collector withdrew Proofs of Claim Nos. 4-1 and 5-1 and the Debtor has deleted Classes 1C and 1D that treated these two claims in the both the Disclosure Statement and Plan. Please see the withdrawal filed at E.C.F. No. 83. Classes 2A through 2G consist of non-consensual non-tax liens on real property. Classes 3A through 3G consist of consensual mortgage liens and security interests on real property or personal property. Class 4A consists of the Section 1111(b) Election Secured Lien Clam of ARC Pool I, LLC.  Class 5A is the only class of unsecured claims and Class 6A is the only class of interest holders.

1.3     The "Plan effective date" or the "effective date of this Plan" or "plan effective date" is the 30th day after the confirmation order becomes a final non-appealable order.

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.        The Secured claims consist of the Florida statutory tax liens on real property held by County Tax Collectors or Tax Certificate purchasers. These claimants will retain their liens to the extent of the collateral, are impaired and are not insiders.

2.01A   Class 1A.       The secured real property statutory tax lien claim of the Indian River County Tax Collector for 2012 taxes in the amount of $1,682.25 on 9854 East Verona Circle, Vero Beach, FL 32966. This claimant will retain her lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no 2-1.

2.01B   Class 1B.       The secured real property statutory tax lien claim of the Indian River County Tax Collector for 2013 taxes in the amount of $1,682.25 on 9854 East Verona Circle, Vero Beach, FL 32966. This claimant will retain her lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. 3-1.

2.01C   Class 1C.       Based upon the taxes having been paid in full by third parties, the Brevard County Tax Collector withdrew Proofs of Claim Nos. 4-1 and 5-1 and the Debtor has deleted Classes 1C and 1D that treated these two claims in the Disclosure Statement and Plan. Please see the withdrawal filed at E.C.F. No. 83.This claimant has withdrawn her proof of claim.

2.01D    <u>Class 1D</u>.      Based upon the taxes having been paid in full by third parties, the Brevard County Tax Collector withdrew Proofs of Claim Nos. 4-1 and 5-1 and the Debtor has deleted Classes 1C and 1D that treated these two claims in the Disclosure Statement and Plan. Please see the withdrawal filed at E.C.F. No. 83

2.01E    <u>Class 1E</u>.      The secured real property statutory tax lien claim of the St. Lucie County Tax Collector for 2012 taxes in the amount of $7,146.90 on 9015 South Indian River Drive, Fort Pierce, FL 34982.  This claimant will retain his lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. 7-2.

2.01F    <u>Class 1F</u>.      The secured real property statutory tax lien claim of the St. Lucie County Tax Collector for 2013 taxes in the amount of $5,701.95 on 9015 South Indian River Drive, Fort Pierce, FL 34982.  This claimant will retain his lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider.  Proof of Claim no. No Claim filed.

2.01G    <u>Class 1G</u>.      The secured real property statutory tax certificate lien claim of **MTAG Cust for MTAG Caz Creek FL, LLC** for 2011 taxes in the amount of $8,399.32 **on** 9015 So. Indian River Drive, Fort Pierce, FL 34982**.**  This claimant will retain its lien to the **extent** allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no

2.02     <u>Class 2</u>      Secured claims consist of secured non-consensual liens that are not based upon unpaid taxes such as homeowner association liens and mechanics liens claims on real property. These claimants will retain their liens are impaired and are not insiders.

2.02A    <u>Class 2A</u>.      The secured non-consensual lien of the Verona Trace Homeowners Association, Inc., on 9854 East Verona Circle, Vero Beach, FL 32966, in the amount of $6,100.79 for pre=petition unpaid maintenance fees. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. .Proof of Claim no. 13-1.

2.02B    <u>Class 2B</u>.      The secured non-consensual lien of the River Vista Homeowners Association Inc., on 3235 S.E. River Vista Dr., Port St. Lucie, FL 34952, in the amount of $142.00, for pre-petition unpaid maintenance fees. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. .Proof of Claim no. - No Proof of Claim fled.

2.02C    <u>Class 2C</u>.      The secured non-consensual mechanic's lien of All Area Roofing & Water Proofing Inc., on 3235 S.E. River Vista Dr., Port St. Lucie, FL 34952, , in the amount of $0.00, for roofing work. This lien was paid in full pre-petition, but was not released but the claimant until post-petition. The release will be recorded and this claimant will not retain its lien and is not an insider and is not impaired. .Proof of Claim no. - No Proof of Claim fled.

2.02D    <u>Class 2D</u>.      The secured non-consensual mechanic's lien of Hosanna Restoration and Cleaning LLC on 9854 East Verona Circle, Vero Beach, FL 32966, in the amount of $1,350.00, for cleaning and other work. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. .Proof of Claim no. - No Proof of Claim fled.

2.03E    <u>Class 2E</u>      Grimes Heating & Air Conditioning, "Grimes", was thought to be a creditor at the time of the filing of the case and was scheduled as the holder of a possible lien on Schedule D. However, no lien was filed and Grimes was paid by a thirds party and is not owed any monies. The Debtor will obtain a paid in full receipt from Grimes and file it of record at which time this class shall cease to be a secured class or any class in the plan.  This person

is not impaired and does not hold a lien and will not retain a lien and is not an insider. No Proof of Claim filed.

| | | |
|---|---|---|
| 2.03F | Class 2F | C & W PUMP Pool and Motors. "C & W PUMP", performed work on the pool, at 9854 West Verona Circle in Vero Beach, Florida. This business was supposed to wait to be paid by a warranty company, but he threatened to file a lien within a few days of the work being done, he was paid by a third party warranty company and did not file a lien. He has been paid in full.  Because the Debtor was unsure if he had filed a lien, C & W Pump was scheduled as the holder of a possible lien on Schedule D. However, no lien was filed and C & W Pump is not owed any monies. The Debtor will obtain a paid in full receipt from the warranty company and file it of record at which time this class shall cease to be a secured class or any class in the plan.   This person is not impaired and does not hold a lien and will not retain a lien and is not an insider. No Proof of Claim filed. |
| 2.03F | Class 2G | Cocoa Beach Plumbing, Inc., "CBPI" performed work on 124 Harding Avenue in Cocoa Beach, Florida. This business was supposed to wait to be paid by a warranty company, but he also threatened to file a lien within a few days of the work being done, he was paid by a third party warranty company and did not file a lien. He has been paid in full. Because the Debtor was unsure if he had filed a lien, CBPI was scheduled as the holder of a possible lien on Schedule D. However, no lien was filed and CBPI p is not owed any monies. The Debtor will obtain a paid in full receipt from the warranty company and file it of record at which time this class shall cease to be a secured class or any class in the plan.   This person is not impaired and does not hold a lien and will not retain a lien and is not an insider. No Proof of Claim filed. |
| 2.03 | Class 3. | Secured claims consist of secured consensual liens that are the result of either a first or second mortgage lien granted to the creditor by the Debtor.  The liens will all be treated differently, and are disclosed below. |
| 2.03A | Class 3A. | The secured consensual first mortgage lien and security interest and lien on  real property in the amount of $695,111.64 held by Wells Fargo Bank, N.A.,  on 3235 S.E. River Vista Dr., Port St. Lucie, FL 34952.  This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. 9-1. The Debtor is attempting a modification outside the Bankruptcy at this time. However, if this is not successful, the Debtor may utilize the Bankruptcy Court's Mortgage Modification Mediation Program ("MMM"). |
| 2.03B | Class 3B. | The secured consensual Second mortgage lien and security interest and lien on real property in the amount of $280,000.00 held by East Coast Transportation / L & Clean-Up Inc. on 3235 S.E. River Vista Dr., Port St. Lucie, FL 34952.  This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. No Proof of Claim filed. The collateral will be surrendered |
| 2.03C | Class 3C. | The secured consensual First mortgage lien and security interest on real property in the amount of $167,189.41 held by JPMorgan Chase Bank, National Association on 124 Harding Avenue, Cocoa Beach, Florida 32931 Proof of Claim no.  11-1.  The Debtor will pay the lien held by JPMorgan Chase Bank, N.A. for the property located at 124 Harding Avenue, Cocoa Beach, FL, according to the terms of the 2011 Loan Modification agreement. The current regular payment is $942.49 and includes escrow for taxes and insurance. The regular payment may fluctuate due to changes in escrow or interest rate. Debtor will cure the arrears of $17,785.97 at $296.43 per month for 60 consecutive months. Arrears payments are to begin upon the effective date of debtor's plan. |

2.03D   <u>Class 3D.</u>      The secured consensual mortgage lien and security interest and lien personal property, i.e., a 2008 Jeep Patriot, in the amount of $6,277.38 held by Regions Bank. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. 8-1.

2.03E   <u>Class 3E.</u>      The secured consensual First mortgage lien and security interest on real property in the amount of $365,000.00 held by Bank of America on 1075 Audubon Road, Merritt Island, FL 32953. This claimant and the Debtor have entered into an Agreed Order (**DE#183**), which reflects the treatment of this Class Claim.  The Claimant is impaired and is not an insider. No Proof of Claim filed.  However, the Claimant has filed a Motion to Allow Late Filed Claim, to which the Debtor has no objection.

2.03F   <u>Class 3F.</u>      The secured consensual First mortgage lien and security interest on real property in the amount of $92,000.00 held by Bank of America on 9854 East Verona Circle, Vero Beach, FL 32966. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. The Debtor and the Claimant have entered into an Agreed Order (**DE#178**), which reflects the treatment of this Class Claim. Proof of Claim no. - No Proof of Claim filed.  The Agreed Order will provide this Class with a separate class of secured claim as well, and will be treated in Class 3G.

2.03G   <u>Class 3G.</u>      The secured consensual First mortgage lien and security interest on real property in the amount of $79,136.00, held by Wells Fargo Bank, N.A., on 9854 East Verona Circle, Vero Beach, FL 32966. This claimant will retain its lien to the extent allowed as a secured claim under § 506 of the Code and is impaired and is not an insider. Proof of Claim no. No Proof of Claim filed.

2.04   <u>Class 4.</u>      Consists of undersecured consensual mortgage lien claimants who have elected to receive Section 1111(b) (2) status. These claimants shall retain their liens as provided in Section 1111(b) and are not insiders, but are not impaired if they receive the treatment that they have elected.

2.04A   <u>Class 4A.</u>      The secured consensual mortgage lien on  real property in the amount of $864,532.99 held by ARC POOL 1, LLC, on 9015 South Indian River Drive in Fort Pierce, Florida. This claimant will retain  its lien as provided in Section 1111(b) and is not a insiders and is not impaired if ARC POOL I, LLC, receives the treatment that it has elected. To receive pursuant to Section 1111(b)(2). Proof of Claim 12-1.

2.05   <u>Class 5A</u>      Consists of the class of allowed general non-priority unsecured creditors.  These Claimants are not insiders and are impaired.  **The present allowed amount of Class 5A claims is $476,851.58.** This amount consists of the creditors: (i) who were Scheduled by the Debtor as an allowed unsecured claim on Amended Schedule F [$3,496.00] (ECF No.46, at pages 15-18) or (ii)  who timely filed a proof of claim [$20,994.30] (Proofs of Claim nos. 1-1 and 6-1 on the PACER CLAIMS REGISTER) or (iii) by the Bankruptcy Court granting an allowed unsecured deficiency claim to a undersecured lien holder whose rights have been modified by the amount of its lien having been reduced and by its lien being partially voided as a lien on the collateral pursuant to Section 506 (d) after the lienholder's collateral has been valued by the Court in a contested matter initiated by the Debtor pursuant to Federal Rules of Bankruptcy Procedure 9014 and 3012 and 11 U.S.C. Section 506 [$451,011.28]. The $476,851.30 also includes $1,350.00 from Class 2D.  Based upon the amount of the allowed unsecured claims, the prorata percentage paid to allowed Class 5A claims will be 10.12%.

2.06    Class 6        Consists of the classes of Class of Equity Interest Holders. Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

2.06A   Class 6A       The individual Debtor, Pamela Elizabeth Smith, is the interest holder in property of the estate that she will be retaining and she is an insider since she will be retaining her interests under the Plan. This does not violate the Absolute Priority Rule pursuant to 11 U.S.C. Section 1129(b) (2) (B)(ii) due to the ". . . value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. Section 1129(a)(15)(B).

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, "gap" period claims in an involuntary case allowed under § 502(f) of the Code, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code, a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | 0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | 0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court. | 35,000.00 | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan. If approved by the Court, the $8,500.00 retainer will be applied to the gross fee, costs and expenses award. The Debtor will also receive credit for the monies that she paid for state court and pre-bankruptcy filing services in the amount of $6,500.00 as disclosed |

| | | |
|---|---|---|
| | | at ECF No. 17. This would be a credit of $15,000.00 on the estimated fees. |
| Clerk's Office Fees | 0.00 | Paid in full on the effective date of the Plan |
| Other administrative expenses | | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | $650.00 | Paid in full on the effective date of the Plan |
| TOTAL | 20,650.00 | |

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid I accordance with 11 U.S.C.§ 1129(a)(9)(C) of the Code. There are no priority unsecured claims. Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code.  Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief. The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| **There are no known § 507(a)(8) priority tax claims** | | | |

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Classes of Claims and Equity Interests. The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

4.02.    Classes of Secured Claims.    Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim. Classes 1A and 1B and 1 E through 1G consists of Secured tax liens; Classes 2A through 2G consist of non-consensual non-tax liens on real property and Classes 3A through 3G consist of consensual mortgage liens and security interests on real property or personal property and Class 4A consists of the Section 1111(b) Election Secured Lien Clam of ARC Pool I, LLC. Each sub class is a separately classified claim.  Based upon the taxes having been paid in full by third parties, the Brevard County Tax Collector withdrew Proofs of Claim Nos. 4-1 and 5-1 and the Debtor has deleted Classes 1C and 1D that treated these two claims from both the Disclosure Statement and Plan. The withdrawal is filed at E.C.F. No. 83. The following charts list all classes containing the Debtor's secured pre-petition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|---------------------|------------|-----------|
| **1A** | *Secured Tax Lien claim of:* Indian River County Tax Collector<br><br>Collateral Description = **9854 East Verona Circle Vero Beach, FL 32966**<br><br>Allowed Secured Amount = $1682.25<br>Priority of lien =   **First**<br><br>Principal owed =$ 1682.25<br><br>Pre-pet. arrearage =N.A.<br><br>Total claim =$ 1682.25<br><br>**Proof of Claim No. 2-1**<br>**2013 Real Estate Taxes** | **No** | **Impaired** | **Monthly payment:**<br>**Months 1 to 47      =$49.42**<br>**Month 48             =$49.14**<br><br>**Total Payments    =$2,371.88**<br><br>**Pmts Begin          =March 15,2014, or on the plan effective date, whichever is later.**<br>**Pmts End**<br>**= Feb. 15th, 2018**<br><br>**Interest rate %**<br>**= 18%**<br><br>**Treatment of Lien**<br>**= Retain Lien**<br><br>**This Secured Tax Lien claim will be paid within 5 years of the entry of the Order for Relief on March 28th, 2013 as required by §1129 (a) (9) (C ) and (D).** In the event that the plan payments begin after March 15th, 2014, the amount of the claim will be re-amortized over the shorter time period so that the payment of this claim will comply with §1129(a)(9) (C ) and (D). |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1B | *Secured Tax Lien claim of:* Indian River County Tax Collector<br><br>Collateral Description = **9854 East Verona Circle Vero Beach, FL 32966**<br><br>Allowed Secured Amount = $1682.25<br>Priority of lien = **First**<br><br>Principal owed =$ 1682.25<br><br>Pre-pet. arrearage =N.A.<br><br>Total claim =$ 1682.25<br><br>**Proof of Claim No. 3-1 2012 Real Estate Taxes** | No | Impaired | Monthly payment<br>Months 1 to 47　　=**$49.42**<br>Month 48　　=**$49.14**<br>Total Payments　　=**$2,371.88**<br>Pmts Begin　　=**March 15,2014, or on the plan effective date, whichever is later.**<br>Pmts End　　=**Feb. 15th, 2018**<br><br>Interest rate %　　= **18%**<br>Treatment of Lien　　= **Retain Lien**<br><br>This Secured Tax Lien claim will be paid within 5 years of the entry of the Order for Relief on March 28th, 2013 as required by §1129 (a) (9) (C ) and (D). In the event that the plan payments begin after March 15th, 2014, the amount of the claim will be re-amortized over the shorter time period so that the payment of this claim will comply with §1129(a)(9) (C ) and (D). |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| **1C** | Brevard County Tax Collector Collateral Description = **1075 Audubon Road Merritt Island, FL 32953** **Proof of Claim No. 4-1 has been withdrawn by the Brevard County Tax Collector based upon the taxes having been paid in full by the lender. See ECF No. 83.** | **No** | No | No Plan Payments |
| 1D | Brevard County Tax Collector Collateral Description = 124 Harding Avenue Cocoa Beach, FL 32931 **Proof of Claim No. 5-1 has been withdrawn by the Brevard County Tax Collector based upon the taxes having been paid in full by the lender. See ECF No. 83.** | **No** | No | No Plan Payments |

**B25B (Official Form 25B) (12/08) - Cont.**                                                    **12**

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|---------------------|------------|-----------|
| **1E** | *Secured Tax Lien claim of:* St. Lucie County Tax Collector **for 2012 real property taxes** <br><br> Collateral Description = **9015 So. Indian River Drive Fort Pierce, FL 34982** <br><br> Secured Amount =$7, 146.90 <br><br> Priority of lien =  **First** <br><br> Principal owed = $7,146.90 <br> Principal Claimed:$7,146.90*** <br> Pre-pet. arrearage = N.A. <br><br> Total claim =$7,146.90 <br><br> Amended Proof of Claim No. - 7-2 2012 Real Estate Taxes | **No** | Impaired | Monthly payment <br> Months 1 to 47      =$209.94 <br> Month 48             =$209.93 <br> Total Payments    =$10,077.11 <br><br> Pmts Begin           **=March 15,2014, or on the plan effective date, whichever is later.** <br><br> Pmts End           **= Feb. 15th, 2018** <br><br> Interest rate %      **= 18%** <br><br> Treatment of Lien   **= Retain Lien** <br><br> This Secured Tax Lien claim will be paid within 5 years of the entry of the Order for Relief on March 28th, 2013 as required by §1129 (a) (9) (C ) and (D). In the event that the plan payments begin after March 15th, 2014, the amount of the claim will be re-amortized over the shorter time period so that the payment of this claim will comply with §1129(a)(9) (C ) and (D). |

| 1F | *Secured Tax Lien claim of:*<br>St. Lucie County Tax Collector<br><br>Collateral Description =<br>**9015 So. Indian River Drive**<br>**Fort Pierce, FL 34982**<br><br>Allowed Secured Amount<br>=$5,701.95<br><br>Priority of lien =   **First**<br><br>Principal owed = 5,701.95<br><br>Pre-pet. arrearage = N.A.<br><br>Total claim =$5,701.95<br><br>No Proof of Claim<br>2013 Real Estate Taxes. The amount is based upon the actual tax bill on the St. Lucie County Tax Collector's website as of February 3rd, 2014. Although there is no proof of claim for Class 1F which is the Secured Tax Lien Claim of the St. Lucie County Tax Collector for 2013 property taxes. The 2013 real estate taxes are listed as a pre-petition tax lien since pursuant to Section 197.122 (1) of the Florida Statutes (2012) ("Lien of taxes; application.")1, the real property taxes for the 2013 tax year became a lien upon  the real property on January 1st, 2013 and absent a proof of claim having been filed by the County Tax Collector for a different amount, the Debtor initially estimated the 2013 taxes to equal the 2012 taxes since this is the method utilized by the county tax collectors in estimating the amount of the current year's taxes prior to the tax roll being certified pursuant to Section 197.222 (1) ("Prepayment of estimated tax by installment method.")2. | No | Impaired | Monthly payment<br>Months 1 to 47        **$167.50**<br>Month 48                **167.11**<br>Total Payments       **$8,039.61**<br><br>Pmts Begin              **=March 15,2014, or on the plan effective date, whichever is later.**<br><br>Pmts End                 **= Feb. 15th, 2018**<br><br>Interest rate %<br>                               **= 18%**<br>Treatment of Lien<br>                               **= Retain Lien**<br><br>This Secured Tax Lien claim will be paid within 5 years of the entry of the Order for Relief on March 28th, 2013 as required by §1129 (a) (9) (C ) and (D). In the event that the plan payments begin after March 15th, 2014, the amount of the claim will be re-amortized over the shorter time period so that the payment of this claim will comply with §1129(a)(9) (C ) and (D). |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1F | Upon the Tax Roll being certified on November 1st, 2013 and the Debtor's appeal to the St. Lucie County Value Adjustment Board being granted, the 2013 taxes on 9015 South Indian River Drive were reduced to $5,449.89. However, the Saint Lucie County Solid Waste Assessment of $252.06 must be added to this and Section 197.2301(4)    ("Payment of taxes prior to certified roll procedure.").3 amount bringing the total to $5,701.95. | | | |

1 "197.122 (1) Lien of taxes; application.—

(1)   **All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien**, superior to all other liens, **on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied** until discharged by payment or until barred under chapter 95." (Emphasis added)

2 "197.222 (1)   Prepayment of estimated tax by installment method.—

(1)   Taxes collected pursuant to this chapter **may be prepaid in installments** as provided in this section. A taxpayer may elect to prepay by installments for each tax notice for taxes estimated to be more than $100. A taxpayer who elects to prepay shall **make payments based upon an estimated tax equal to the actual taxes levied upon the subject property in the prior year**."

**** (Emphasis added)

3 "197.2301(4)   Payment of taxes prior to certified roll procedure.—

****

(4)   **The tax collector shall accept payment of estimated current taxes based upon an amount equal to the taxes levied against the parcel in the previous year** or an amount the tax collector deems to be a more accurate representation of the taxpayer's current tax liability." (Emphasis added)

****

| 1G | *Secured Tax Certificate Lien claim of:*<br><br>MTAG Cust.  for MTAG  Caz Creek FL, LLC<br><br>Collateral Description =<br>**9015 So. Indian River Drive**<br>**Fort Pierce, FL 34982**<br> Tax Certificate No. 1088325<br><br>Allowed Secured Amount =$8,399.32<br><br>Priority of lien =   **First**<br><br>Principal owed = $8,399.32<br><br>Pre-pet. arrearage = N.A.<br><br>Total claim =$8,399.32<br><br>Proof of Claim No. -10-1<br>2011 Real Estate Taxes | No | Impaired | Monthly payment<br>Months 1 to 47     =$194.38<br>Month 48              =$194.51<br>Total Payments    =$9,330.57<br><br>Pmts Begin            = **March 15, 2014\***<br>**or on the plan effective date, whichever is later**<br><br>Pmts End            = **Feb. 15th, 2018**<br><br>Interest rate %      = **5.25%**<br>The original rate of interest in the Tax Certificate was 0.25% and this amount has been raised to 5.25%<br><br>                            = **Retain Lien**<br>Treatment of Lien<br><br>This Secured Tax Lien claim will be paid within 5 years of the entry of the Order for Relief on March 28th, 2013 as required by §1129 (a) (9) (C ) and (D). In the event that the plan payments begin after March 15th, 2014, the amount of the claim will be re-amortized over the shorter time period so that the payment of this claim will comply with §1129(a)(9) (C ) and (D). |
|    |    |    |    |    |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 2A | *Secured  Lien claim of:*<br>Verona Trace Homeowners Association, Inc.<br><br>Collateral Description =<br>**9854 East Verona Circle Vero Beach, FL 32966**<br><br>Secured Amount =$6,100.79<br><br>Priority of lien =  **Second**<br><br>Principal owed = $6,100.79<br><br>Pre-pet. arrearage = 6,100.79.<br><br>Total claim =$6,100.79<br><br>Proof of Claim No. -13-1<br>**Unpaid Pre-Petition maintenance**<br><br>Debtor is current on post-petition monthly maintenance<br><br>Debtor will file an objection to this claim prior to the February 6th, 2014 continued hearing on the Disclosure Statement. | No | Impaired | Monthly payment      =$115.83<br>Months 1 to 59       =$115.79<br>Month 60              =$6,949.76<br>Total Payments<br><br>Pmts Begin           **=March 15,2014***<br>**or on the plan effective date, whichever is later**<br><br>Pmts End             **= Feb. 15th, 2019**<br><br>Interest rate %      **= 5.25%**<br><br>Treatment of Lien    **= Retain Lien**<br><br>This Secured Lien claimant will be paid the present value of its claim in full over 60 months from the Plan Effective Date of March 15, 2014 at 5.25% interest which complies with §1129(b)(1) and (2) (A) (i) (I) and (II).<br>In the event that the plan payments begin after March 15th, 2014, the amount of the claim will still be amortized over 60 months  and the term will be 60 months beginning on the effective date of the plan. |
| | | | | |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 2B | River Vista Homeowners Association Inc.<br><br>Collateral Description = 3235 S.E. River Vista Dr. Port St. Lucie, FL 34952<br><br>No Proof of Claim<br><br>Amount of Lien: $142.00 | **No** | Impaired | No Plan Payments Treatment of Lien  = **Retain Lien**<br><br>The collateral will be surrendered to the lienholders in accordance with their respective priorities and the claimant will be granted stay relief on the Plan Effective Date. |
| 2C | All Area Roofing & Water Proofing Inc.<br><br>Collateral Description = 3235 S.E. River Vista Dr. Port St. Lucie, FL 34952<br><br>No Proof of Claim -Creditor was paid pre-petition, but the lien was not released until post-petition<br><br>Amount of Lien: 0.00 | **No** | Unimpaired | No Plan Payments Treatment of Lien  = **Lien was released by Creditor.**<br><br>**Debtor will record the lien release.** |
| 2E | Grimes Heating & Air Conditioning<br><br>Collateral Description = 9854 East Verona Circle. Vero Beach, FL<br><br>No Proof of Claim -Creditor was paid pre-petition by third party, and no lien was filed. The Debtor will obtain a paid in full receipt from this former creditor<br><br>Amount of Lien: 0.00 | **No** | Unimpaired | No Plan Payments Treatment of Lien  = No Lien was filed by Creditor.<br><br> Debtor will file the payment receipt. |

B25B (Official Form 25B) (12/08) - Cont.                                                                                                18

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 2F | C & W Pump Pool and Motors<br><br>Collateral Description = 9854 East Verona Circle. Vero Beach, FL<br><br>No Proof of Claim -Creditor was paid pre-petition by third part warranty and no lien was filed. The Debtor will obtain a paid in full receipt from this former creditor<br><br>Amount of Lien: 0.00 | **No** | Unimpaired | No Plan Payments<br>Treatment of Lien       = No Lien was filed by<br> Debtor will file the   Creditor.<br>payment receipt. |
| 2G | Cocoa Beach Plumbing Inc.<br>Collateral Description = 9854 East Verona Circle. Vero Beach, FL<br><br>No Proof of Claim -Creditor was paid pre-petition, and no lien was filed. The Debtor will obtain a paid in full receipt from this former creditor<br><br>Amount of Lien: 0.00 | **No** | Unimpaired | No Plan Payments<br>Treatment of Lien       = No Lien was filed by<br> Debtor will file the   Creditor.<br>payment receipt. |

B25B (Official Form 25B) (12/08) - Cont.                                                                                    19

| 2D | *Disputed Secured Lien claim of:* Hosanna Restoration and Cleaning LLC ("claimant"). This lien was recorded on March 27th, 2012 and has been discharged from the property pursuant to both Florida Statute Sections  713.21 (3) (2011)( Discharge of lien) and 713.22 (1) and (2) (2011) (Duration of lien), which provide the following:<br><br>"713.21 (3)   Discharge of lien.—A lien properly perfected under this chapter may be discharged by any of the following methods:<br>****<br>(3)    By failure to begin an action to enforce the lien within the time prescribed in this part."<br>****<br>    And  the time period to file an action is one year pursuant to Section 713.22(1) unless the owner files and records and the Clerk of the Court serves on the lienholder a "Notice of Contest of Lien" pursuant to Section 713.22(2) and then the lienholder only has 60 days file an action or<br>". . . The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his or her lien within 60 days after service of such notice shall be extinguished  automatically."<br>****<br>Collateral Description =<br>**9854 East Verona Circle**<br>**Vero Beach, FL 32966**<br>**Pamela E. Smith filed and**<br>**recorded "Notice of Contest of**<br>**Lien" pursuant to Section**<br>713.22(2)  **in O.R. Book 2570, Page**<br>**1958, of the public records of**<br>**Indian River County, Florida, on**<br>**April 26th, 2012. The claimant had**<br>**60 days from that date to file a lien**<br>**foreclosure and did not do so.**<br>**Pursuant to F.S. Sec. 713.22(2),** | No | Impaired | No Plan Payments as a Secured lienholder and Claim in the amount of $1,350.00 has been added to the amount of the Class 5A unsecured claims. The Debtor may file an objection to this claim as a unsecured claim due to shoddy workmanship and not having finished the job.<br>**Monthly payment:** Months 1 to 59 Month 60 Total Payments Pmts Begin<br><br><br>Pmts End Interest rate % Treatment of Lien This Secured Lien claimant will be paid the present value of its claim in full over 60 months from the Plan Effective Date of March 15, 2014 at 6% interest  which complies with §1129(b)(1) and (2) (A) (i) (I) and (II). In the event that the plan payments begin after March 15th, 2014, the amount of the claim will still be | The following payments are shown in the event that the Debtor is unsuccessful in having the claim disallowed<br><br><br>If allowed as secured claim: =$25.63 =$25.70 =$1,537.87  = **March 15, 2014\*** **or on the plan effective date, whichever is later Feb. 15th, 2019 = 5.25% =  Will not retain Lien  if Debtor prevails** |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
|  | **the claimant's lien is null and void by operation of law.** Proof of Claim No. No proof of claim |  |  | amortized over 60 months  and the term will be 60 months beginning on the effective date of the plan. . |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| **3A** | *Secured lien claim of:*<br><br>Wells Fargo Bank, N.A.<br><br>Collateral Description = 3235 S.E. River Vista Dr. Port St. Lucie, FL 34952<br><br>Allowed Secured Amount = $695,111.64<br><br>Priority of lien =   First<br><br>Principal owed =$695,111.64<br><br>Pre-pet. arrearage = N.A.<br><br>Total claim =$695,111.64<br><u>Proof of Claim No. 9-1</u><br><u>First mortgage</u> | **No** | Impaired | No Plan Payments<br>Treatment of Lien      = **Retain Lien**<br><br>The Debtor is currently negotiating with the Creditor to obtain a loan modification outside the Bankruptcy.  If this attempt is not successful, the Debtor may attempt the Bankruptcy Court's Mortgage Modification Mediation Program. If a modification of the terms of the current mortgage, the collateral will be surrendered by the Debtor to the lienholders in accordance with their respective priorities and the claimant will be granted stay relief on the date that the Debtor files a Notice of Impasse as to the modification process and intent to surrender. |

B25B (Official Form 25B) (12/08) - Cont.                                                                 22

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 3B | Secured Lien claim of East Coast Transportation / L & Clean-Up Inc.<br><br>Collateral Description = 3235 S.E. River Vista Dr. Port St. Lucie, FL 34952<br><br>No Proof of Claim Disputed Amount of Mortgage: $280,000.00 Secured Lien claim of East Coast Transportation / L & Clean-Up Inc.<br><br>Collateral Description = 3235 S.E. River Vista Dr. Port St. Lucie, FL 34952<br><br>This claim was Scheduled on the Amended Schedule D that was filed on May 16th, 2013. (ECF No. 46)` | No | Impaired | No Plan Payments Treatment of Lien     = **Retain Lien**<br><br>The collateral will be surrendered to the lienholders in accordance with their respective priorities and the claimant will be granted stay relief on the Plan Effective Date. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| **3C** | *Secured Lien Claim of*<br><br>JPMorgan Chase Bank, National Association<br><br>Collateral Description =<br>124 Harding Avenue,<br>Cocoa Beach, Florida 32931<br><br>Secured mortgage<br>Amount =           $167,189.41<br> Principal owed =    $166,701.11<br>Pre-pet. arrearage = $     488.30<br>Estimated<br>Post-petition<br>Arrearage=          $ 16,810.59<br>Total claim =        $184,000.00<br><br>Proof of Claim No. -11-1 | **No** | Impaired | The Debtor will pay the lien held by JPMorgan Chase Bank, N.A. for the property located at 124 Harding Avenue, Cocoa Beach, FL, according to the terms of the 2011 Loan Modification agreement. The current regular payment is $942.49 and includes escrow for taxes and insurance. The regular payment may fluctuate due to changes in escrow or interest rate. Debtor will cure the arrears of $17,785.97 at $296.43 per month for 60 consecutive months. Arrears payments are to begin upon the effective date of debtor's plan |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment | |
|---------|-------------|----------------------|------------|-----------|---|
| 3D | *Secured Lien Claim of* Regions Bank Collateral Description = 2008 Jeep Patriot Allowed Secured Amount =$6,277.38 Priority of lien = First Principal owed = $6,277.38 Pre-pet. arrearage = N.A. Total claim =$6,277.38 Proof of Claim No. 8-1 | No | Impaired | Monthly payment Months 1 to 59 Month 60 Total Payments  Pmts Begin    Pmts End    Interest rate %  Treatment of Lien Pursuant to Sec. 1123(a)(5)(A), (B), (D), (E)(E ), (F), (G),(H) and (b) (5) and (6), the  new principal balance of $6,277.38 will be reamortized over the extended  loan term of 60 months at the interest rate of 5.25% and this Secured Lien claimant will be paid the present value of its claim in full over 60 months from March 15, 2014 which complies with §1129(b)(1) and (2) (A) (i) (I) and (II).  The Payment date is changed to the 15th of the month | =$119.18 =$119.34 =$7,194.34  = **March 15, 2014\* or on the plan effective date, whichever is late**    = **Feb. 15th, 2019**    = **5.25%**  = **Retain Lien**  (If the Plan has not been confirmed by March 15th, 2014, the Debtor, subject to Court approval, will agree to begin making adequate protection payments to this lender as of March 15, 2014.) |

| 3E | *Secured Lien Claim of*<br><br>Bank of America<br><br>Collateral Description =<br>**1075 Audubon Road**<br>**Merritt Island, FL 32953**<br><br><br>Undersecured mortgage Amount =<br>$365,000.00<br>Priority of lien =   **First**<br><br>Principal owed =   $365,000.00<br>Pre-pet. arrearage =          0.00<br><br>Total claim =          $365,000.00<br>Estimated value of<br>Property:          $150,000.00<br><br>Proof of Claim No. - No Proof of<br>Claim | **No** | Impaired | The Class will have a secured lien against the Real Property located at 1075 Audubon Road, Merritt Island, FL 32953, in the amount of the value of the Real Property being $150,000.00, pursuant to the Court's Agreed Order Granting Motion to Value and Determine Secured Status of Lien on Real Property held by Bank of America, NA **(DE#183).** The Claim shall be reamoritized over a 277 month period, at 5.0% interest. The payment shall begin on December 1, 2014, and end 277 months thereafter. The new payment shall be $913.85, which is principal and interest. The Debtor shall be responsible for the payment of all real estate taxes and property insurance. Proof of same will be provided by the Debtor upon request, with failure to do so being a default in the agreement with the Debtor. The remaining terms of the Agreed Order **(DE#183)** are still in full force and effect. The Creditor shall be allowed an unsecured claim in the amount of $317,649.28. The |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
|         |             |                      |            | Creditor shall retain its lien on the Real Property until such time as the Debtor receives her Discharge in this Chapter 11 case, at which time the lien shall be extinguished without need of further Order of this Court. |

| 3F(i) and 3F(ii) | *Secured Lien Claim of*<br><br>Wells Fargo Bank, N.A.<br><br>Collateral Description =<br>**9854 East Verona Circle**<br>**Vero Beach, FL 32966**<br><br>Priority of lien =  **First**<br>Secured mortgage<br>Amount =              $92,000.00<br><br>Second claim amount =   $22,000.00<br><br>Total claim =              $114,000.00 | **No** | Impaired | The Class will have two (2) secured liens against the Real Property located at 9854 East Verona Circle, Vero Beach, FL 32966 pursuant to the Court's Agreed Order Granting Motion to Value and Determine Secured Status of Lien on Real Property held by Wells Fargo Bank, NA (**DE#178**).  The initial lien shall be in the amount of $92,000.00, and will be paid over 287 months, at 5.25% interest.  The second lien shall be in the amount of $22,000.00, and will be paid over the same time frame at 0.0% interest.  The initial lien shall be paid in Class 3F(i), and the second claim amount shall be paid in Class 3F(ii).  The payments for Class 3F(i) and Class 3F(ii) shall begin on December 1, 2014, and both end 287 months thereafter.  The new payment for Class 3F(i) shall be $563.47, which is principal and interest, and the new payment for Class 3F(ii) shall be $76.66.  The remaining terms of the original loan shall remain in full force and effect.  The | |

**B25B (Official Form 25B) (12/08) - Cont.**                                                                    28

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment | |
|---------|-------------|----------------------|------------|-----------|--|
|  |  |  |  | Creditor shall be allowed an unsecured claim in the amount of $54,122.00.  The Creditor shall retain its lien on the Real Property until such time as the Debtor receives her Discharge in this Chapter 11 case, at which time the lien shall be extinguished without need of further Order of this Court. |  |

| 3G | Undersecured Lien Claim of Wells Fargo Bank, N.A.<br><br>Collateral Description =<br>**9854 East Verona Circle**<br>**Vero Beach, FL 32966**<br><br>Undersecured/unsecured mortgage Amount = $79,740.00.<br>Priority of lien =  **Second**<br><br>Principal owed = $70,604.00<br><br>Pre-petition. arrearage = 9,136.00<br><br>Estimated value of property:          $98,950.00;<br>Total claim =$79,740.00<br>Proof of Claim No. - No Proof of Claim<br><br>This is the same collateral as in Class 3F where the first mortgage lien in the amount of $114,000.00 is undersecured and the Debtor is seeking to value the real property at $98,950.00 which would leave a estimated unsecured part of the first mortgage lien to be voided in the amount of $15,050.00, which would become a Class 5A unsecured claim.<br><br>If the entire amount of the second mortgage lien in the amount of $79,740.00 is unsecured and is voided, there will be an estimated Class 5A unsecured claim in the amount of $79,740.00. | **No** | Impaired | No Plan Payments as a secured creditor Treatment of Lien | Collateral will be valued pursuant to Section 506 and FRBP 3012 and undersecured portion of lien will be voided pursuant to Sec. 506(d).Lien will be voided as being completely undersecured / unsecured pursuant to Sec. 506(d) |

| 4A | 11 U.S.C. § 1111(b) Election Secured<br><br>lien claim of<br><br>ARC POOL 1, LLC<br><br>Collateral Description =<br>**9015 So. Indian River Drive**<br>**Fort Pierce, FL 34982**<br><br>Allowed Secured* Amount =<br>$864,532.99<br>*Subject to § 1111(b) election<br>Priority of lien = First<br><br>Total claim =$864,532.99<br>Pre-pet. arrearage = N.A. because of Sec. 1111(b) election<br><br>Total claim =$864,532.99<br><br><br>Proof of Claim No. 12-1<br>See page 1 of Part 2 of Claim 12-1 for the term of the original mortgage March 25, 2005  through April 1, 2045 | NO | IMPAIRED, except for Sec. 1111(b) election | Monthly payment Months 1 to 385 =$2,234.44<br>Month 386 =$2,237.68<br>Total Payments, =$872,497.08<br>*plus escrow, See page 28.<br>Pmts Begin = Nov. 1, **2013****<br>Pmts End **April 1, 2045**<br><br>In accordance with Sec. 1111(b), this claimant shall be paid the full amount of its secured claim of $864,532.99 over the remaining 386 months of the mortgage term[March 25, 2005 through April 1, 2045] by paying the present value of the agreed upon value of its collateral in the amount of $270,000.00 at 9.45% interest, with all payments of principal and interest being credited to the Sec. 1111(b) amount of $864,532.99. The $2,000.00 per month paid under the Court's Order from June of 2013 through October of 2013 will also be credited on the $864,532.99.<br><br>This breaks down as follows:<br>1.$10,000.00 paid at $2,000.00 per month from June | = **N.A.**<br><br>Interest rate =**9.45%**<br><br>= **Retain Lien for Sec. 1111(b) election amount**<br><br>****Subject to Bankruptcy Court approval, the Debtor began paying the $2,234.44 in November of 2013, by adding $234.44 to the $2,000.00 payment provided for in this Court's order. (ECF No. 64)** |

| | | | | through October of 2013:<br><br>2. $2,234.44 paid for 385 months and $2,237.68 in month 386.<br>Total interest paid:<br>Total principal paid<br><br>Total Paid for purposes of Sec. 1111(b) claim, both interest and principal are credited. | **=$10,000.00**<br><br><br>=$592,497.08<br>=$270,000.00<br><br>$872,497.08 |
|---|---|---|---|---|---|

**B.    *Classes of Priority Unsecured Claims***

4. 03.   <u>Classes of Priority Unsecured Claims.</u>  Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.  The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim.  However, a class of holders of such claims may vote to accept different treatment. **There are no known Priority Unsecured claims.**

## C. *REAL PROPERTY TAX ESCROWS FOR 2014 AND SUCCEEDING TAX YEARS*

| Description | Monthly | Annual |
|---|---|---|
| • The Debtor opened a Tax and insurance Escrow Account in December of 2013 and paid $700.00 into the account for the month of December, 2013 and in January of 2014 the Debtor paid an additional $700.00 and the Debtor will increase the monthly payments to $731.46 per month beginning in February of 2014. The monthly amount paid for insurance and taxes is based upon the previous year's insurance premiums and upon the previous year's taxes until the tax roll is certified which is normally on or before November 1st of each year. Upon the tax roll being certified, the amount of the monthly payments will increase if the actual taxes are more than the estimated amount of the taxes so that the taxes for 2014 can be paid prior to April 1st , 2015 when the 2014 taxes will become delinquent. The real property taxes for all succeeding years will be escrowed and paid by the Debtor in the same manner. The monthly payments into the account are to be used by the Debtor in paying real property taxes and insurance premium payments direct to the County Tax Collectors and insurance agents for the property that the Debtor owns and that a lender is not collecting monies monthly for the payment of real property taxes and insurance.<br><br>• Taxes for 2013 and delinquent taxes for previous years are being paid under the Plan in Classes 1A, 1B and 1E through 1G. | $731.46 | $8,777.52 |
| | | |
| | | |

### D.    *Class of General Unsecured Claims*

4. 04.   <u>Classes of General Unsecured Claims.</u>   General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.  The following chart identifies the Plan's proposed treatment of Class 5A which contains general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 5A | Class 5A Consists of the claims of allowed general non-priority unsecured creditors. These claimants are not insiders and are impaired. **The allowed amount of Class 5A claims, including the Class 3E ($317,649.28), Class 3F ($54,122.00), and Class 3G ($79,240.00) allowed unsecured claims, is $476,851.58.** This amount consists of the creditors: (i) who were Scheduled by the Debtor as an allowed unsecured claim on Amended Schedule F [$3,496.00 ] (ECF No.46, at pages 15-18) or (ii) who timely filed a proof of claim [$20,994.30] (Proofs of Claim nos. 1-1 and 6-1 on the PACER CLAIMS REGISTER) or (iii) by the Bankruptcy Court granting an allowed unsecured deficiency claim to a undersecured lien holder whose rights have been modified by the amount of its lien having been reduced and by its lien being partially voided as a lien on the collateral pursuant to Section 506 (d) after the lienholder's collateral has been valued by the Court in a contested matter initiated by the Debtor pursuant to Federal Rules of Bankruptcy Procedure 9014 and 3012 and 11 U.S.C. Section 506 [$451,011.28]. The $476,851.30 also includes $1,350.00 from Class 2D. The total amount to be paid to allowed Class 5A unsecured claims from the 100% of the Debtor's projected disposable income that will be received by the Debtor during the 5 year period that payments are being made under the plan, is **$48,300.20.** If the $476,851.30 stays a fixed amount, the prorata percentage paid to allowed Class 5A claims is 10.12%. | Impaired and Not Insiders | Monthly payment: **Months 1 to 59    = 725.00** **Month 60**          = 725.20 Total                =$43,500.20 **Months 49 to 60** An additional payment of $400.00 per month will be made in months 49 through 60 after Classes 1A, 1B and 1E through 1G are paid in full in month 48 =                $ 4,800.00 Total Payments:     $ 48,300.20 Pmts Begin          = on the Plan Effective Date Pmts End            = on the 15th day of the 60th month after the payments begin on the plan effective date. |

### 5.    *Class of Equity Interest Holders*

4.05.  <u>Class of Equity Interest Holders.</u>  Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor.  In a corporation, entities holding preferred or common stock are equity interest holders.  In a partnership, equity interest holders include both general and limited partners.  In a limited liability company ("LLC"), the equity interest holders are the members.  Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder. The following chart sets forth the Plan's proposed treatment of the class of equity interest holder:

B25B (Official Form 25B) (12/08) - Cont.                                                                34

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| **6A.** | Equity interest holder= Pamela Elizabeth Smith | Unimpaired | Retain Interests. This does not violate the Absolute Priority Rule pursuant to §1129(b)(2)(B)(ii) and he Debtor will comply with §1129(a) (15) (B) |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    In addition to the unexpired leases listed below, the Debtor assumes all executory contracts and unexpired leases and the Debtor is not rejecting any executory contracts or unexpired leases. All executory contracts and/or unexpired leases are assumed and the assumption shall be effective upon the effective date of this Plan as defined in paragraph 8.02 of ARTICLE VIII.

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Names redacted for Privacy purposes | Lease of 124 Harding Avenue, Cocoa Beach, Florida 32931 |
| Names redacted for Privacy purposes | Lease of 9854 East Verona Circle, Vero Beach, FL 32966 |
| Names redacted for Privacy purposes | Lease of 1075 Audubon Road, Merritt Island, FL 32953 |

(b) A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than the date set in an order to be entered by the Bankruptcy Court.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor's Plan will be implemented by the following means:

7.01 <u>Means for Implementation of the Plan.</u>  Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtor or Reorganized Debtor, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan:

A. <u>Operation of the Debtor in Possession Between the Confirmation Date and the Effective Date.</u>

The Debtor shall continue to operate as a Debtor in possession in the ordinary course, subject to the supervision of the Court and pursuant to the Code and the Rules during the period from the Confirmation Date through and until the Effective Date, and any obligation incurred by the Debtor during that period shall constitute an Administrative Claim.

B. <u>Administration After the Effective Date</u>

After the Effective Date, the Reorganized Debtor shall operate and engage in  her businesses and engage in her employment, and may use, acquire, and dispose of her property, free of any restrictions of the Code and Rules.

C. <u>The Reorganized Debtor.</u>

Except as otherwise provided in the Plan, on the Effective Date of the Plan, the Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

D. <u>Funding of the Plan.</u>

The funds to be used to make cash payments under the Plan shall derive from the monthly income of the Debtor from her businesses and from her employment.  The Debtor has prepared a *proforma* income statement reflecting financial projections that evidence her ability to fund the proposed payments under this Fourth Amended Chapter 11 Plan of Reorganization.  The *proforma* is attached hereto as Exhibit A.  The Debtor will utilize monies she has saved post-petition to make the initial distribution under this Fourth Amended Chapter 11 Plan of Reorganization.  The ability to make these payments is set forth in the attached Exhibit B, the most recent Monthly Operating Report filed by the Debtor.

E. <u>11 U.S.C. §1123.</u>

The Debtors may utilize any of the provisions of 11 U.S.C. §1123 (a) (5) and (b), (c) and (d) as they may deem necessary in order to implement the Plan.

F. <u>Representatives of Chapter 11 Estates</u>

Pursuant to 11 U.S.C. §1123 (b) (A) and (B), upon the entry of the Confirmation Order the Debtor shall automatically be appointed and shall become the Representative of her Estate. The net recoveries will be utilized to pay allowed unsecured claims under the Plan.

G. Causes of Action

As of the Effective Date, pursuant to section 1 123(b)(3)(B) of the Code, any and all Actions accruing to the Debtor and Debtor in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtor, and the Reorganized Debtor shall have the authority to commence and prosecute such Actions for the benefit of the Estate. Specifically, the Reorganized Debtor shall continue to prosecute any Action pending on the Effective Date. After the Effective Date and before the case is closed, the Reorganized Debtor shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions upon filing and approval of an appropriate motion under Bankruptcy Rule 9019. There are no pending Actions but the disclosure statement discloses claims for relief and causes of action.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    Effective Date of Plan.  The "effective date of this Plan" or "plan effective date" is the 30th day after the confirmation order becomes a final order.   If, however, a stay or suspension of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated and the order becomes a final order.

8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

# ARTICLE IX
# DISCHARGE

9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE X
# OTHER PROVISIONS

10. 01.    Administrative Closure of Chapter 11 Case.  During the Time the Debtor is making the Plan Payments, the Court may allow the  administrative closing of this case upon the following requirements being satisfied: (a) upon the Debtor showing that the Plan has been substantially consummated and that all monthly reports and payments due to the U.S. Trustee are current; (b) that all litigation has concluded except to the extent that the Court has retained jurisdiction over certain pending matters, and (c) the Debtor's counsel states in the Debtor's Motion to Administratively Close this Case  that to the best of his knowledge and belief  that there are no outstanding issues that would preclude the administrative closure of this case;

10.02. The order administratively closing this individual Chapter 11 case shall mean that this case shall be administratively closed pending the completion of all payments required to be made under the Plan but the order administratively closing this individual Chapter 11 case shall not operate to close the case for purposes of 11 U.S.C. § 362(c)(2)(A), or Fed.R. Bankr. P. 4006 and shall not in any way abrogate any provisions of the Debtors' confirmed plan or of the order confirming the Plan;

10.03. This Court shall retain jurisdiction in the order administratively closing this case to hear and to grant a motion to reopen this Chapter 11 case upon the completion of all payments required to be made under the Plan, for the purpose of entering Discharge Orders for the Debtor and in order to enter a final decree;

10.04. Until the order administratively closing this case becomes a final order, the reorganized Debtor shall further pay to the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for the periods subsequent to the confirmation of the Plan within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Debtor and the Debtor shall provide to the U.S. Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period;

10.05. Upon all payments being completed under the Plan and upon the case being reopened, that within sixty (60) days after the Order reopening this administratively closed case becomes final, the disbursing agent shall file a Final Report of Estate on the local form approved by this Court for Final Reports and shall also file a Motion to Close the Chapter 11 Case and a Motion for a Final Decree pursuant to Federal Rule of Bankruptcy Procedure [Local Rule] 2002-1(C)(4);

10.06. The failure to timely file the Final Report of Estate and the Motion to Close the Chapter 11 Case and for a Final Decree will result in the imposition of sanctions against the Debtor's counsel, which may include the return of attorney's fees;

10.07. That this Court shall retain jurisdiction as provided in the Plan and in the order  administratively closing this case to administratively reopen the administratively closed Chapter 11 case once the Debtors file such a motion and the Debtor requests that the fee to reopen the Chapter 11 case be ordered waived;

Executed on October 26, 2014.


/s/ Pamela Elizabeth Smith_____.
Pamela Elizabeth Smith, Chapter 11 Debtor in Possession
Plan Proponent


**Law Offices of Brett A. Elam, P.A.,**
105 South Narcissus Avenue
Suite 802
West Palm Beach, Florida 33401
Office Telephone:  561. 833.1113
Office Facsimile:  561.833.1115
Florida Bar No. 576808
*Email* belam@brettelamlaw.com
Counsel  for Chapter 11 Debtor and Plan Proponent

By_/s/ Brett A. Elam_____
Brett A. Elam, Esquire,

## Certificate of Service

I HEREBY CERTIFY that on October 26, 2014, that a true copy of the foregoing has been served upon all of the following registered users and that a traditional paper copy has been served via postage pre-paid First Class U.S. Mail upon all of the following who are not registered users and who were not served through their counsel or other representative of record.

Samantha Carr on behalf of Creditor JPMorgan Chase Bank, National Association
sacarr@logs.com, electronicbankruptcynotices@logs.com

John P Carrigan on behalf of Creditor River Vista Homeowners Association, Inc
jpc@reblawpa.com, smitchell@reblawpa.com

Brad Culverhouse on behalf of Debtor Pamela Elizabeth Smith
bradculverhouselaw@gmail.com

Brett A Elam, Esq. on behalf of Debtor Pamela Elizabeth Smith
belam@brettelamlaw.com, info@brettelamlaw.com;deanna@brettelamlaw.com;zulma@brettelamlaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

William E Grantmyre on behalf of Creditor ARC Pool 1, LLC
WGrantmyrejr@vanlawfl.com, bankruptcy@vanlawfl.com

Michael Gulisano, Esq. on behalf of Creditor ARC Pool 1, LLC
bankruptcy@vanlawfl.com

Nicole M Noel on behalf of Creditor Wells Fargo Bank, N.A.
bankruptcynotices@kasslaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov